UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| In the Matter of the Application of | No. C12-80267 MISC CRB (LB) |
| FUTURECORP INTERNATIONAL PTY LTD, | **AMENDED ORDER GRANTING PETITIONER'S APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN LEGAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782** |
| For an Order to Conduct Discovery for Use in a Foreign Legal Proceeding Pursuant to 28 U.S.C. § 1782 | |
| _____/ | [Re: ECF No. 1] |

**I. INTRODUCTION**

Petitioner Futurecorp International Pty Ltd ("Futurecorp") filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. Application, ECF No. 1. That statute allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. *See* 28 U.S.C. § 1782. The petition was assigned to District Judge Charles Breyer, who referred the matter to the undersigned for resolution. Referral Order, ECF No. 3. Upon consideration of Futurecorp's application and the relevant legal authority, the court **GRANTS** its application.

**II. BACKGROUND**

On February 16, 2012, Futurecorp initiated proceedings in the Supreme Court of New South Wales, Sydney, NSW 2000, Australia against two defendant Australian companies, bCODE Middle East Africa and bCODE Pty Ltd (collectively "bCODE"), and the directors of bCODE. Application,

ECF No. 1 at 2. In the Australian proceeding, Futurecorp is a minority shareholder seeking oppression relief and other remedies, including preventing a fire sale of bCODE Pty Ltd's assets, and determination of whether certain administrative proceedings were validly instituted. On October 30, 2012, the Supreme Court of New South Wales ordered a trial of certain claims to be held on November 20-22, 2012. *Id*.

In preparation for the Australian trial Futurecorp has tried (and failed) to obtain discovery from Richard Gary Thau, one of bCODE's directors (and a defendant in the Australian proceeding). *Id*.; *see id*., Exh. D. On November 6, 2012, the Court of New South Wales granted Futurecorp's petition for a Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matter. *Id*., Exh. C. And on November 13, 2012, Futurecorp filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. *See generally id*. Futurecorp wants to take a video deposition of Mr. Thau for use at the November 20-22, 2012 trial in Australia. *Id*. at 3. Futurecorp states that, per Australian procedure, the testimony will be taken before an "examiner"—here, a lawyer not affiliated with any of the parties—as well as via a court reporter per United States procedure. *Id*. Specifically, Futurecorp seeks testimony related to a directors' meeting held on September 25, 2012. *Id*., Exh. C. It is alleged Mr. Thau attended the meeting by teleconference, and Futurecorp believes that he can provide testimony about what was discussed at it and about related communications and documents (such as the alleged minutes of the meeting and a September 27, 2012 email from Mr. Thau to other directors). *Id*., Exh. C.

### III. LEGAL STANDARD

28 U.S.C. § 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

A litigant in a foreign action qualifies as an "interested person" under § 1782. *See Intel Corp. v.*

*Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 ( 2004).  In order to apply for discovery pursuant to § 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent.  *Id*. at 258- 59.  Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation."  *Id*. at 259 (holding that discovery was proper under § 1782 even though the applicant's complaint against the opposing party was only in the investigative stage).  An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782.  *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas).

A district court has wide discretion to grant discovery under § 1782.  *Intel*, 542 U.S. at 260- 61.  In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."  *See id*. at 264- 65.

A district court's discretion is to be exercised in view of the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts.  *See Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2004).  There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding.  *See Intel*, 542 U.S. at 247, 261-63.

## IV.  DISCUSSION

### A.  Statutory Requirements

Futurecorp application satisfies the minimum requirements of § 1782: Mr. Thau resides in Carmel, California, which is in this district, Application, ECF No. 1, Exh. D; the requested

discovery is for use in a trial in the Supreme Court of New South Wales, Australia, which clearly qualifies as a proceeding before a foreign tribunal, *id.*, Exh. C; Futurecorp is the plaintiff in the Australian proceeding and thus is an "interested person," *id.*, Exh. C; and the instant *ex parte* application is an acceptable method of requesting discovery under § 1782, *see In re Letters Rogatory*, 539 F.2d at 1219.

**B. Exercise of the Court's Discretion**

The court finds good cause to exercise its discretion to authorize the requested discovery.

The first *Intel* factor is satisfied because Mr. Thau is a litigant in a Australian lawsuit.

The second and third *Intel* factors also are satisfied. The Court of New South Wales granted Futurecorp's petition for a Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matter, showing that the Australian court is receptive to the discovery sought and that Futurecorp's request is not an attempt to circumvent any foreign restrictions related to the discoverability of the requested information. *Id.*, Exh. C.

Finally, the fourth *Intel* factor also is satisfied. Futurecorp's proposed deposition subpoena seeks limited testimony regarding specific events and documents and is not unduly intrusive or burdensome. *See id.*, Exh. B. Should Mr. Thau disagree upon being served with the subpoena, he may raise the issue at that time.

## V. CONCLUSION

Based on the foregoing, the court **GRANTS** Futurecorp's application and permits the issuing of the proposed subpoena.

**IT IS SO ORDERED.**

Dated: November 15, 2012

_____
LAUREL BEELER
United States Magistrate Judge

C 12-80267 MISC CRB (LB)
ORDER
4